Hon. Ralph I. Greenhouse County Attorney, Onondaga County
This is in response to your letter wherein you request our opinion as to whether an operator may charge a fee for providing an excavator with the information required by subpart 53-4.5 of Rule No. 53 of the Industrial Code.
Rule No. 53 of the Industrial Code is entitled Construction, Excavation and Demolition Operations At Or Near Underground Facilities. Rule No. 53 deals with the regulation of construction, excavation, and demolition sites located at or near underground facilities in order to assure safety and prevent damage to public or private property.
Subpart 53-4.5 states as follows:
 "Operator's response to notice. (a) Prior to the date and time of the commencement of the proposed excavation or demolition work as stated in the recorded notice, the operator shall notify the excavator that either:
 "(1) The operator has no underground facility in or within 15 feet of the proposed work area; or
 "(2) Every underground facility belonging to him which is located in or within 15 feet of the proposed work area has been staked, marked or otherwise designated in accordance with the provisions of this Subpart.
 "(b) Where an operator cannot complete the staking, marking or other designation of an underground facility prior to the stated commencement date and time of the proposed excavation or demolition work, the operator shall promptly report such fact to the excavator and shall inform the excavator of a prompt and practicable completion date which in no case shall be more than two working days after the excavator's stated commencement date.
 "(c) Whenever an excavator requests a review of any staking, marking or other designation, the operator shall comply with such request as soon as possible."
The above subpart uses the language "shall notify the excavator." This language indicates that the notification process herein is mandatory by the operator, and the subpart does not speak of any fee that the operator may charge the excavator.
Subpart 53-1.5(14) defines the word "shall" as being always mandatory. The paying of a fee by the excavator could be construed as being a condition precedent to the notification mandated by subpart 53-4.5, and would no longer make the notification mandatory but subject to the paying of a fee. There is also no provision within subpart 53-4.5 or Rule No. 53, which grants the authority to charge a fee herein.
It is also noted that subpart 53-1.2 provides for the enforcement regarding Rule No. 53, and General Business Law, § 764 provides for penalties and liabilities, civil and criminal, for failure to comply with said Industrial Code Rule No. 53.
Accordingly, we conclude that an operator may not charge a fee to an excavator for the notification information that must be furnished to said excavator as required by subpart 53-4.5 of Rule No. 53 of the Industrial Code (12 NYCRR 53-4.5).